FILED
2021 Jul-07 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BEWLEY, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:21-CV-479-RDP |
| } | |
| NATIONWIDE PROPERTY and } | |
| CASUALTY INSURANCE COMPANY, } | |
| et al., } | |
| } | |
| Defendants. } | |

### MEMORANDUM OPINION

This matter is before the court on Plaintiffs' Motion to Remand, filed May 3, 2021. (Doc. # 9). The Motion has been fully briefed. (Docs. # 11, 15). For the reasons discussed below, the Motion is due to be granted.

**I.      Background**

On February 22, 2021, Plaintiffs filed this action in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-1 at 10-19). Plaintiffs are residents of the state of Alabama. (Doc. # 1-1 at 11). Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") is a foreign corporation doing business in the state of Alabama. (*Id.*). Defendants Wade Kaiser and Wade Kaiser Insurance Agency, Inc. (the "Kaiser Defendants") are also resident citizens of the state of Alabama. (*Id.*).

In their Complaint, Plaintiffs allege that the Kaiser Defendants failed to procure coverage for landslides and earth movement on Plaintiffs' business premises after a 2017 meeting between Kaiser and Bewley in which they discussed a rock wall behind the building, which was then in Kaiser's view a concern. (Doc. # 1-1 at 12-13). More specifically, Plaintiffs allege:

> Kaiser pointed to the rock wall and asked Bewley if rocks had ever fallen. Bewley confirmed to Kaiser that rocks had fallen and Bewley reported to Kaiser that one had fallen on a HVAC unit and insurance had covered it. Bewley joked with Kaiser that he hoped a rock would fall on his building so the insurance would buy him a new building. At no time did Kaiser mention any policy exclusion that would relieve Nationwide of paying for any damage resulting from rock falls. Bewley affirmatively asked Kaiser if he had sufficient coverage for his business and whether there was anything he had not asked that he should have asked about. Kaiser confirmed that Bewley had sufficient coverage and confirmed that they had discussed all pertinent matters. From that moment on, Bewley understood that he had full coverage to protect himself and his business from damage caused by falling rocks.

(Doc. # 1-1 at 12-13).

Plaintiffs further allege that, although they received declaration pages and invoices, from the time of the meeting in 2017, they never received "a full copy of the insurance policy." (*Id.* ("From the date of the 2017 meeting between Kaiser and Bewley up through the date of the rocks falling, Nationwide did not send out a full copy of the insurance policy to Bewley.")).

The lawsuit concerns Nationwide's denial of coverage relating to a catastrophic loss to the business premises caused by a landslide that occurred on February 23, 2019. (Doc. # 1-1). The claims against the Kaiser Defendants relate to alleged misrepresentations and omissions that occurred during the discussion about what coverage Plaintiffs required for their business. According to Plaintiff, "[t]he acts and omissions of the Kaiser Defendants are the crux of this dispute." (Doc. # 9 at 4).

Plaintiffs' Complaint asserts three claims against all Defendants: Count One – Fraudulent Misrepresentation, Suppression and/or Omission; Count Two – Negligent/Wanton Misrepresentation, Suppression and/or Omission; and Count Three – Negligence. (Doc. # 1-1 at 14-17).

On April 5, 2021, Nationwide removed the case to this court arguing that the court has subject matter jurisdiction based on diversity of citizenship and that Plaintiffs fraudulently joined the Kaiser Defendants. (Doc. # 1).

## II. Standard of Review

A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. at 1333 (quoting *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute*, 28 U.S.C. § 1441(a), *on other grounds as recognized in Stillwell*, 663 F.3d at 1333). The pleading standard for surviving fraudulent joinder is "is a lax one." *Id*. at 1332–33. Rather than the Rule 12(b)(6) plausibility standard, which requires the complaint to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a claim of fraudulent joinder can be defeated by a showing that the claim has "a possibility of stating a valid cause of action," *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998)). However, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg v. Wyeth*, 428

3

F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal citations omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). Further, any ambiguities in the state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

## III. Analysis

Although there are three circumstances that permit a defendant to show fraudulent joinder, only the first of those is relevant here: where "there is no possibility that the plaintiff would be able to establish a cause of action against the [nondiverse] defendant in state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Thus, the only issue the court must decide is whether there is no possibility that Plaintiffs could establish[1] a fraud claim or a negligence claim against the Kaiser Defendants in Alabama's courts. If there is even a possibility that an Alabama court could find that Plaintiffs have stated a claim against the Kaiser Defendants, this court "must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41.

The court must determine whether fraudulent joinder occurred "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits . . . submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Although the court is permitted to consider evidentiary submissions by the parties, it must resolve all questions of fact

---

[1] One Eleventh Circuit case uses the term "prove" instead of "establish" in describing the standard for showing fraudulent joinder. *Triggs*, 154 F.3d at 1287 ("Joinder has been deemed fraudulent . . . when there is no possibility that the plaintiff can *prove* a cause of action against the resident (non-diverse) defendant.") (emphasis added). Though the difference in language is subtle, it is important. The term "prove" might lead one to conclude the relevant inquiry is whether the plaintiff has a possibility of *succeeding* on the claim in state court, rather than merely whether the plaintiff has a possibility of *stating* a claim in state court. Fortunately, the body of Eleventh Circuit case law on this issue makes clear that *Triggs*' statement of the fraudulent joinder standard was simply imprecise and that the proper inquiry is indeed whether "there is even a possibility that a state court would find that the complaint states a cause of action against" the nondiverse defendant. *Coker*, 709 F.2d at 1440; *see also, e.g.*, *Legg*, 428 F.3d at 1324 (assessing whether there was any "reasonable possibility that Plaintiffs can establish a cause of action against" the nondiverse defendant).

in favor of the plaintiff. *Legg*, 428 F.3d at 1323. Moreover, the court "must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

The Eleventh Circuit addressed an issue similar to the one presented here in *Stillwell*. Stillwell obtained insurance from Allstate, through its agent Edwards, on a property he owned and in which he resided. The property had at least nine bedrooms, all with separate locks and keys, and Stillwell rented the rooms. *Stillwell*, 663 F.3d at 1331-32. Stilwell made a claim after the property suffered certain damage. *Id.*. Allstate denied Stillwell's claims because it determined that the property did not qualify as a "dwelling" under the insurance policy. *Id.* Stillwell sued Allstate and Edwards. The claim against Edwards was that it failed to procure appropriate insurance coverage for Stillwell. *Id.* Allstate argued that Stillwell had fraudulently joined the non-diverse insurance agent that sold him his policy. *Id.* The district court denied the plaintiff's motion to remand, concluding the plaintiff fraudulently joined non-diverse insurance agent. *Id.* The Eleventh Circuit reversed. *Id.* at 1334-35.

In reviewing the case, the Eleventh Circuit contrasted the fraudulent joinder standard with the standard of review for a Rule 12(b)(6) motion, stating "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Id.* at 1333 (quoting *Triggs*, 154 F.3d at 1287). In concluding that the district court erred in denying Stillwell's motion to remand, the Eleventh Circuit concluded "[a]s the allegations against [the non-diverse insurance agent] state the elements of [the Georgia state law claims] and give [the defendant] fair notice that it is being sued for [breach of those state law claims], it is, at the very least, possible that a ... state court would conclude that [plaintiff's] allegations against [the non-diverse defendant] satisfied this standard." *Stillwell*, 663 F.3d 1334–35.

Here, Defendants argue that Alabama law imposes on insureds a duty to read and investigate, and that even if Plaintiffs did not receive a fully copy of their policy after the 2017 conversation with Kaiser, the "the declaration pages triggered the duty to read and investigate further." (Doc. # 11 at 9). Notably, Plaintiffs have asserted both fraud and negligence claims against Defendants.

The court finds Judge Granade's analysis of this issue in *S & S Trucking, LLC v. Canal Ins. Co.*, 2010 WL 2560043 (S.D.Ala. 2010), persuasive:

> The defendants are correct that "[t]he right of reliance [or an agent's representations] comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests", thus insureds have a duty to read their insurance policies. *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 433 (Ala.1997). Furthermore, the defendants are right that "an insurance agent cannot be held liable due to plaintiff's own negligent failure to ensure they received the policy they expected." *BDB, L.L.C. v. James River Ins. Co.*, Civ. 6:07-cv-01985-SLB, at *7 (N.D.Ala. Sept. 30, 2008) or (Doc. 17, p. 17). However, contrary to the defendants' assertions otherwise, a plaintiff is not contributorily negligent as a matter of law merely because it failed to review the insurance policy the moment the plaintiff received it. Rather, as stated clearly in BDB, L.L.C., a trier of fact must determine that a plaintiff was negligent in its failure to read the insurance policy and only then shall a plaintiff be deemed contributory negligent.[]
>
> The Alabama Supreme Court maintains that a question of contributory negligence is generally for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion does contributory negligence become a question of law for the court. *Jones Food Co. v. Shipman*, 981 So.2d 355, 369-370 (Ala. 2006) (citations omitted). Therefore, this court does not need to reach a definite pronouncement of whether the plaintiff's failure to review the policy in the present case constituted negligence, because in reviewing a motion to remand in light of a fraudulent joinder claim, the precise contours of the plaintiff's failure are not relevant. The Eleventh Circuit has made it clear that this court may deny a motion to remand only if the defendants have proved by clear and convincing evidence that there is "no possibility" that the plaintiff "can establish a cause of action against the [ ]resident defendant ..." [*Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006)] (emphasis in original) (citations omitted). In other words, remand must be granted if "after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe*, 113 F.3d at 1541-1542(emphasis in original) (citation omitted)("In the remand

6

context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). As a result, if, after examining the plaintiff's complaint and accompanying affidavits in this case, this court is able to say that there is any possibility, no matter how small, that an Alabama state court might find that the plaintiff was not negligent in its failure to review the insurance policy prior to the theft, then the Eleventh Circuit has mandated that this court shall grant the plaintiff's motion to remand.

*S & S Trucking, LLC v. Canal Ins*. Co., 2010 WL 2560043, at *4 (S.D. Ala. June 18, 2010); *see also Meteor Exp., Inc. v. Travelers Prop. Cas. Co. of Am*., 2012 WL 3776702, at *3 (N.D. Ala. Aug. 24, 2012).

Under Defendant's theory, a "failure to procure" claim could never survive a motion to dismiss because of the insured's duty to read and duty to inquire. However, that broad, unqualified assertion is a non-starter. Under Alabama law, "[b]ecause contributory negligence is a defense, not an element of the claim, 'the question of contributory negligence is normally one for the jury . . .'" *King v. Nationwide Agribusiness Ins. Co*., 2021 WL 1841635, at *3 (N.D. Ala. May 7, 2021) (quoting *Crook v. Allstate Indemnity Co*., 2020 WL 3478552 at *9 (Ala. June 26, 2020)); *see also Gulledge v. Brown & Root, Inc*., 598 So. 2d 1325, 1330 (Ala. 1992) ("summary judgment based on the doctrine of contributory negligence is seldom proper."); *Osmer v. Belshe Industries, Inc*., 585 So. 2d 719 (Ala. 1991) (same).

This court is required to view the allegations of Plaintiffs' Complaint in Plaintiffs' favor. Viewing the evidence in a light most favorable to Plaintiffs, the court concludes that a jury could reasonably find that they were not contributorily negligent in trusting their local insurance agent's guidance after having an explicit conversation about the rock wall behind the premises.

**IV. Conclusion**

Federal courts are courts of limited jurisdiction. It is incumbent upon them to ensure that they exercise only the jurisdiction conferred upon by them Congress. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). This is especially true in the context of removal jurisdiction, which raises significant federalism concerns. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (observing that when a federal court reaches the merits of a removed case where subject matter jurisdiction is lacking, "it deprives a state court of its right under the Constitution to resolve controversies in its own courts"). A federal court should not lightly conclude that a controversy between two nondiverse parties raising only state law claims properly belongs in federal court on the basis of fraudulent joinder. Because Defendants have not met their heavy burden to establish fraudulent joinder, Plaintiffs' Motion to Remand (Doc. # 9) is due to be granted.

A separate order will be entered.

**DONE** and **ORDERED** this July 7, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE